**FILED**

**JAN 2 4 2012**



CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| ROBERT BIERMAN, | \* | CIV 11-4167 |
| | \* | |
| Petitioner, | \* | |
| | \* | MEMORANDUM OPINION |
| -vs- | \* | AND ORDER DENYING PETITION |
| | \* | |
| WARDEN – FPC YANKTON, | \* | |
| | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Robert Bierman, an inmate at the Federal Prison Camp ("FPC") in Yankton, South Dakota, petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2241. For the reasons discussed below, the writ will be denied.

## BACKGROUND

On November 23, 2010, Petitioner was sentenced in the United States District Court for the Southern District of Iowa to imprisonment for a total term of 30 months on each of four counts in an indictment charging Conspiracy to Defraud the United States (Count 1) and Filing False Income Tax Returns (Counts 2, 3 and 4). The court ordered the imprisonment sentences on each count to be served concurrently, followed by three years of supervised release. Petitioner self-surrendered for service of his sentence on January 4, 2011, and arrived at FPC Yankton that day. His projected release date was March 7, 2013. Petitioner successfully completed the Residential Drug Abuse Program ("RDAP") on November 21, 2011. His projected release date changed to September 7, 2012, pursuant to Program Statement 5331.02, *Early Release Procedures Under 18 U.S.C. § 3621(e)*, which provides that a sentence reduction cannot exceed six months if the sentence to be served is 30 months or less.

Petitioner filed this § 2241 petition on November 29, 2011, requesting an injunction requiring the Bureau of Prisons to make him eligible for up to 12 months of early release under Program Statement 5331.02 because he was actually sentenced to four terms of 30 months in prison. He asserts that the BOP should be prohibited from applying Program Statement 5331.02 and requests mandamus relief requiring the BOP to define "length of sentence imposed by the court", "sentence", "term of imprisonment" and "term of incarceration." Petitioner also seeks discovery of all offenders deemed ineligible for early release after March 16, 2009, who were sentenced to concurrent multiple terms of imprisonment of 37 months or less. He claims that he could be eligible for an immediate transfer to a Residential Reentry Center if the Court grants the relief he requests. Respondent's response to the petition indicates that the BOP correctly determined that Petitioner is eligible for early release not to exceed six months in accordance with 28 C.F.R. § 550.55(c)(2) and Program Statement 5331.02.

The BOP has a three-level administrative remedy process which must be exhausted before an inmate can bring an action in federal court. *See* 28 C.F.R. §§ 542.10-542.19 (2012). Although Respondent has addressed the merits of Petitioner's arguments, Respondent contends that Petitioner has not filed administrative remedy requests at all three levels and, therefore, he has not exhausted his administrative remedies. The Court finds that exhaustion would be futile in this case. Petitioner's anticipated projected release date is September 7, 2012. If he were required to exhaust his administrative remedies, it would be too late for him to benefit from six more months of early release if found to be warranted. The Court will excuse Petitioner's failure to exhaust and will address the merits of his claims.

## DISCUSSION

Pursuant to 28 U.S.C. § 2241, a federal prisoner may attack the execution of his sentence in the district where he is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002). Petitioner is challenging the execution of his sentence and he is incarcerated in Yankton, South Dakota. As such, Petitioner's case is within this Court's § 2241 jurisdiction.

2

Petitioner claims that the BOP should not be allowed to apply Program statement 5331.02 to limit his sentence reduction to six months. He argues that Program Statement 5331.02 is inconsistent with the plain language of 18 U.S.C. § 3621(e)(2).

Congress authorized the BOP, pursuant to 18 U.S.C. § 3621(e)(2)(B), to grant sentence reductions of up to one year for those convicted of a nonviolent offense who successfully complete the 500-hour RDAP. The statute provides:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B). The implementing regulations for the early release incentive specify, in relevant part, "[u]nder the Director's discretion allowed by 18 U.S.C. 3621(e), we may limit the time-frame of early release based upon the length of sentence imposed by the Court." 28 C.F.R. § 550.55(c)(2). The BOP explained its rationale for the regulation:

> In § 550.55(c)(2), we add language explaining that, under the Director's discretion allowed by 18 U.S.C. 3621(e), we may limit early release based upon the length of sentence imposed by the Court. We add this provision to adhere to the Court's intent in determining the length of the sentence. An early release of a substantial period of time (e.g., twelve months) for relatively short sentences would diminish the seriousness of the offense and unduly undercut the sentencing court's punitive intent, as manifested in the length of the sentence imposed.

74 FR 1892-01, 2009 WL 76657 (Comments on the 2004 Proposed Rule) (Jan. 14, 2009). Effective March 16, 2009, the BOP issued Program Statement 5331.02, *Early Release Procedures Under 18 U.S.C. § 3621(e)*, which set out a policy for calculating an inmate's eligibility for a sentence reduction based on the prisoner's term of imprisonment. For an inmate who was sentenced to thirty months or less, that inmate is eligible for no more than six months of sentence reduction. An inmate sentenced to thirty-one to thirty-six months receives no more than nine months' sentence reduction, and an inmate sentenced to thirty-seven or more months receives no more than twelve months' reduction.

3

The Eighth Circuit has emphasized that 18 U.S.C. § 3621(e)(2)(B) is permissive, finding that the BOP "may" grant early release, but the statute does not guarantee eligible inmates early release. *Zacher v. Tippy*, 202 F.3d 1039, 1041 (8th Cir.2000) (citing *Bellis v. Davis*, 186 F.3d 1092, 1094 (8th Cir.1999); *see also Lopez v. Davis*, 531 U.S. 230, 239–42 (2001) (finding that § 3621(e)(2)(B) makes any reduction in sentence discretionary and discussing that "[w]hen an eligible prisoner successfully completes drug treatment, the Bureau has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment"); *Giannini v. Fed. Bureau of Prisons*, 2010 WL 5297188 (8th Cir. Dec. 28, 2010) (unpublished) (there is no protected liberty interest in the sentence reduction that may be granted upon completing a Bureau of Prisons drug treatment program). Section 550.55(c), the implementing regulation which was subject to notice and comment procedures, specifies that the BOP may limit the amount of early release based on length of sentence. Program Statement 5331.02 provides details of how the BOP may limit the sentence reduction, as § 550.55(c) says it may. Contrary to Petitioner's argument, Program Statement 5331.02 is consistent with the statute and regulation.

The Eighth Circuit has held it is well settled that "where Congress has left a gap in a statute for an agency to fill, we defer to the agency's interpretation so long as it is a permissible construction of the statute." *Bellis*, 186 F.3d at 1095 (citing *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843–45, 866 (1984). The United States Supreme Court stated that "[b]eyond instructing that the Bureau has discretion to reduce the period of imprisonment for a nonviolent offender who successfully completes drug treatment, Congress has not identified any further circumstance in which the Bureau either must grant the reduction, or is forbidden to do so." *Lopez*, 531 U.S. at 242. Thus, the Supreme Court in *Lopez* expressly held that the BOP was free to exercise its discretion to place restrictions on early release that were not set forth in the statute. *Id.* at 242-43.

In the present case, the Court finds that the BOP's decision to give shorter sentence reductions for shorter sentences is an appropriate exercise of the BOP's discretion. *See, e.g.,*

4

*Giannini*, 2010 WL at *1 ("28 C.F.R. § 550.55(c) and the related Prgram Statement 5331.02 were promulgated in compliance with the Administrative Procedure Act and are reasonable and allowable interpretations of their enabling act."). In addition, the BOP's failure to include Petitioner's three-year term of supervised release as part of his imprisonment sentence for purposes of determining his § 3621 sentence reduction is not an abuse of discretion. The Court also finds that the BOP's decision to consider Petitioner's four concurrent thirty-month terms as a thirty-month long sentence, thus limiting his eligibility for a sentence reduction to six months, is a permissible exercise of its discretion and an acceptable interpretation of 18 U.S.C. § 3621(e)(2)(B). Accordingly,

IT IS ORDERED:

(1)     That the petition for writ of habeas corpus under 28 U.S.C. § 2241 is denied.

(2)     The motion to amend/correct petition and motion to expand exhibit "J" are denied. (Docs. 8 and 9.)

Dated this 24th day of January, 2012.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY:
(SEAL)          DEPUTY

5